UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIN SOMMER,<br><br>    Plaintiff,<br><br>v.<br><br>SNAPPLE BEVERAGE CORP.,<br><br>    Defendant. | Case No. 20-cv-04181-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 28 |

Plaintiff Robbin Sommer brings this putative class action against Defendant Snapple Beverage Corporation to challenge the "Sorta Sweet" label on one of Snapple's Straight Up Tea products. Sommer alleges that "Sorta Sweet" falsely and misleadingly represents that the product is low in sugar when, in fact, the product is high in sugar. Now before the Court is Snapple's motion to dismiss. The Court will grant, which the Court will grant for the reasons discussed below.

The parties do not dispute that the Court has jurisdiction under 28 U.S.C. § 1332(d)(2).

The Court dismisses the complaint for two reasons. First, "Sorta Sweet" cannot reasonably be interpreted as representing anything about the product's sugar level. The amended complaint's allegations to the contrary are conclusory. *See* ECF No. 24 ¶ 30 ("The representation 'sorta sweet' is understood by consumers to indicate the Product is 'low sugar' and contains less sugar than it does."); *id.* ¶ 32 ("The representation as "Sorta Sweet" is understood by consumers to indicate the Products are low in sugar and lower in sugar than it is."). Even if the Court were to consider the consumer advocacy letter attached to the complaint, the only alleged basis for concluding that "sweet" refers to sugar level is that 21 C.F.R. § 105.66(b)(2) "sometimes require[s] the disclosure 'Sweetened with nonnutritive sweetener(s)' when sweetness is derived from an ingredient that

does not contain sugar." ECF No. 24-1 at 5. But this regulation concerns labeling on products that claim a "special dietary usefulness in reducing or maintaining body weight" achieved "by use of a nonnutritive ingredient." 21 C.F.R. §§ 105.66(b)(1)-(2). It does not identify sugar as the only potential nutritive ingredient, defined as an ingredient that would be "utilized in normal metabolism," which can create sweetness. *Id.* Moreover, even assuming that sugar were the only such nutritive ingredient, the regulation presumes that sweetness may result from nonnutritive ingredients – i.e., something other than sugar; it therefore undermines rather than supports Sommer's position that "sweet" refers to sugar content. Likewise, although Sommer seeks to rely on dictionary definitions of "sweet" as "containing sugar in some form" or "[c]ontaining or derived from sugar," the primary definitions of "sweet" in the cited dictionaries refer to taste. *E.g.*, ECF No. 33-2 at 2 ("Having the taste of sugar or a substance containing or resembling sugar, as honey or saccharin"); ECF No. 33-3 at 2 ("the taste experience of sugar"); *id.* at 3 ("having or denoting a pleasant taste like that of sugar"); *id.* ("having the taste or flavor of sugar, honey, or the like"); ECF No. 33-4 at 2 ("containing, or tasting as if it contains, a lot of sugar"); ECF No. 33-5 at 4 ("having a taste of, or like that of, sugar"). "Sweet" is not equivalent to "sugar content."

Second, "Sorta Sweet" is non-actionable puffery. "Advertisements that amount to mere puffery are not actionable because no reasonable consumer relies on puffery. Factual representations, however, are actionable. The Court may determine as a matter of law whether a statement is puffery." *Krommenhock v. Post Foods, LLC*, 255 F. Supp. 3d 938, 964 (N.D. Cal. 2017) (quotation marks and citations omitted). "Non-specific, non-measurable assertions are classic non-actionable puffery." *Salazar v. Honest Tea, Inc.*, 74 F. Supp. 3d 1304, 1316 (E.D. Cal. 2014).

In dismissing with prejudice labeling claims based on "just a tad sweet" and "a kiss of honey," the *Salazar* court explained that "[a] 'tad' and a 'kiss' are vague and non-specific terms that lack any clear, objective indication of their levels." 74 F. Supp. 3d at 1317. Similarly, another court dismissed with prejudice claims based on "with a Touch of Golden Honey" and "Touch of Sweetness" for the same reason: that "touch" is a "subjective determination" with no "benchmark for determining whether a product has a 'touch' of honey or sweetness," and is

therefore "akin to 'sales patter' on which a reasonable consumer would not rely." *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1086-87, 1099 (N.D. Cal. 2017) (citation omitted). That court contrasted "touch of" claims with "Lightly Sweetened" and "lightly frosted," which the court determined were not puffery as a matter of law because "the FDA regulates the use of the term 'light.'" *Id.* at 1086-87. Relevant to this case, the FDA does not regulate "sorta," and there is no metric by which a product could objectively be considered "sorta sweet," a non-factual characterization that can be proven neither true nor false.

More recently, a court dismissed with prejudice claims based on "Slightly Sweet" labeling on a different brand of tea. The court concluded that:

> Plaintiff has not plausibly alleged that "Slightly Sweet" on the Product label would cause a reasonable consumer to assume that it is "low sugar" and thus "low calories." According to Plaintiff, the Product label would lead a reasonable consumer to take "Slightly Sweet" as a factual representation of the amount of sugar in the Product and therefore assume that the Product has a low amount of sugar. However, the Court finds that, on its face, the term "Slightly Sweet" is analogous to "Just a Tad Sweet" which the court in *Salazar v. Honest Tea, Inc.* remarked was a blatant form of puffery. Additionally, the term "Slightly Sweet" on its own is unlikely to mislead a consumer acting reasonably into believing that the Product has a low amount of sugar and, thus, a low-calorie count.

*Mazella v. Coca-Cola Co.*, ___ F. Supp. 3d ___, 2021 WL 2940926, at *3 (S.D.N.Y. July 12, 2021) (quotation marks, alteration marks, and citations omitted). Sommer argues that the labeling at issue in *Mazella* is distinguishable because it also contained a representation that the product was "sweetened with 50% less sugar than our sweet tea" and contained 90 calories per bottle, ECF No. 48 at 4, but the court did not rely on those phrases in reaching its conclusions.[1] Moreover, if anything, the representation of "50% less sugar than our sweet tea" would indicate less puffery because it is a fact that could be objectively measured. In addition, Sommer herself argues that "sorta" means "slightly," ECF No. 33 at 17, and fails to explain why "Sorta Sweet" should be any more actionable than "Slightly Sweet."

---

[1] The label in this case also indicates that the bottle contains 90 calories, but that information appears only on one panel with the product's name. ECF No. 28-1 at 4 (label submitted as part of Snapple's unopposed requests for judicial notice). The wraparound label contains another panel with the product's name that does not advertise the number of calories. *Id.* The Court does not find this distinction to be material.

3

Because the above issues are dispositive, the Court does not reach Snapple's remaining arguments. Following the above cases, Snapple's motion to dismiss is granted without leave to amend. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  September 20, 2021



JON S. TIGAR
United States District Judge